IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BIOCURE, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO:_____ |
| | § | Jury Demanded |
| JOSEPH FAZIO and | § | |
| AT HOME INFUSION SERVICES, LLC | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND
APPLICATION FOR TEMPORARY RESTRAINING ORDER,
<u>PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION</u>**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

Plaintiff BioCure, LLC ("BioCure") files this Original Complaint and Application for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction against Defendants Joseph Fazio and At Home Infusion Services, LLC ("AHIS"), (collectively referred to as "Defendants") as follows.

## <u>NATURE OF THE ACTION</u>

1.      This is an action for breach of contract, misappropriation of trade secrets, breach of fiduciary duties, and tortious interference with contracts and business relationships.  BioCure seeks a temporary restraining order, temporary injunction, and permanent injunction, in addition to compensatory damages.

2.      Fazio is violating his contractual obligations pursuant to his employment agreement with BioCure, as well as by applicable law, by misappropriating BioCure's confidential and trade secret business and customer information and violating restrictive covenants contained in his contract with BioCure.

3.      BioCure seeks to enjoin the Defendants from (i) soliciting certain BioCure clients in violation of Fazio's agreement, and (ii) using or disclosing BioCure's confidential and trade secret information.

## PARTIES

4.      BioCure, LLC is a limited liability company organized under the laws of Texas with its principal place of business in Houston, Texas.

5.      Joseph Fazio is an individual residing in the State of Florida and may be served with process at 12111 NW 2nd Dr., Coral Springs, Florida 33071.

6.      At Home Infusion Services, LLC is a limited liability company organized under the laws of Florida with its principal place of business in Boca Raton, Florida.  At Home Infusion Services may be served with process by serving its registered agent for service of process, Corporation Service Company at 1201 Hays Street, Tallahassee, Florida 32301.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332 because BioCure and Defendants are residents of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

8.      Venue is proper in this Court because the contract between BioCure and Fazio that serves as the basis for this lawsuit contains a provision mandating that the courts located in Harris County, Texas serve as the exclusive venue for any action related to the agreement.

## BACKGROUND FACTS

9.      The factual allegations on which the Plaintiff bases its Application for Temporary Restraining Order are verified by the affidavits of Deanna Bermingham, Staci Szuba, and Khang

Dang, attached hereto as Exhibit 1, Exhibit 2 and Exhibit 3, respectively.  The facts recited in these affidavits are incorporated herein by reference.

10.    BioCure is a specialty pharmacy.  It works with doctors and their patients to provide unique, occasionally rare medication for the treatment of various chronic illnesses.

11.    BioCure employs sales personnel to develop relationships and goodwill with physicians and healthcare practices around the country.  This business goodwill is responsible for physicians referring their patients to BioCure for obtaining their medication.  A physician's recommendation or referral is often the primary factor in a patient's decision to choose a specialty pharmacy.

**Fazio's BioCure Employment**

12.    Joseph Fazio worked for BioCure for approximately two years, beginning his employment in or around January of 2015.  His official title was an Ig Specialty Account Manager.  Fazio was a salesperson on BioCure's intravenous immunoglobulin ("IVIg") sales team.  IVIg medications are used to treat various neurological diseases, immune system disorders and other rare conditions.  Fazio's territory consisted of southern Florida.

13.    As part of his duties while employed at BioCure, Fazio often communicated with physicians and their staff members.  He occasionally communicated with patients.  Fazio was the primary contact for the physicians and patents in his sales territory.  He learned a great deal of confidential information about these physicians and patients.  For example, he learned what conditions and ailments the patients were suffering from in addition to the type and amount of medication they required.  Fazio also learned about the type of patients seen at a physician's practice and the amount of medication being dispensed to treat a physician's patients.  Consequently, Fazio learned the amount of revenue a specific physician or practice could

generate for a pharmacy.  Fazio also received company sales reports and other information confidential to BioCure such as revenue data, sales strategies, marketing strategies, budgets, sales forecasts, compensation plans and internal business and operations plans.

**Fazio's Resignation from BioCure**

14.     Fazio tendered his two-week resignation notice to BioCure on or about December 14, 2016.[1]  Fazio did not inform anyone at BioCure about his post-employment plans.  But in the weeks leading up to his resignation, Fazio began secretly e-mailing himself patient information, company sales data, prospective client lists, and other information he contractually agreed to keep confidential.[2]  Much of this information qualifies as a trade secret under the Texas Uniform Trade Secrets Act.  *See* TEX. CIV. PRAC. & REM. CODE § 134A.002(6).

15.     While still employed by BioCure, Fazio began recruiting BioCure clients for his soon-to-be employer AHIS.[3]  After discussing Fazio's prospective employer with a BioCure client for months, one of BioCure's clients agreed to switch to AHIS in an e-mail sent to Fazio on his last day with BioCure.[4]

16.     BioCure did not become aware of Fazio's employment with AHIS until more than a month after he left BioCure.  Despite Fazio signing a covenant not to compete with BioCure, he would not be in violation of the agreement as long as he did not solicit his BioCure clients. BioCure was cautiously optimistic that Fazio would honor his post-employment obligations.

---

[1] *See* Exhibit 1.

[2] *See id.*

[3] *See id.*

[4] *See id.*

**Fazio's Violations of his Contractual and Fiduciary Obligations**

17.     Shortly after learning of Fazio's new employment, BioCure was attempting to contact one of its Florida IVIg patients for a prescription refill and to schedule an infusion session at the patient's home.[5]  After several attempts, BioCure was able to speak with this patient on or about February 22, 2017.[6]  The patient informed BioCure that Defendant Fazio had called her directly in the preceding weeks and had scheduled an infusion session for that same day.[7]  The patient was informed that the nurse administering the infusion would also be delivering the refill medication.[8]  The patient was not aware that Joe Fazio was no longer employed with BioCure.[9] Upon information and belief, this patient is now being serviced by Fazio's new employer.

18.     After receiving confirmation that Fazio was willfully violating his covenant not to compete, BioCure asked its IT Department to retrieve e-mails from Fazio's company account.[10] BioCure then discovered that Fazio had been planning his move to AHIS for months.[11] He had been mentioning AHIS and its parent company Kabafusion to at least one of BioCure's clients in early October.[12]

19.     During his last weeks at BioCure, Fazio sent information regarding BioCure's clients and prospective clients to his personal e-mail account.[13]  Fazio also sent company sales data and marketing strategies to his personal e-mail account.[14]

---

[5] *See* Exhibit 2.

[6] *See id.*

[7] *See id.*

[8] *See id.*

[9] *See id.*

[10] *See* Exhibit 1 and Exhibit 3.

[11] *See* Exhibit 1.

[12] *See id.*

[13] *See id.*

20.     Over the past several months, including times when Fazio was still employed with BioCure and receiving compensation from BioCure, Fazio has been acting in concert with AHIS to violate the Agreement and common law obligations owed to BioCure.[15]   Indeed, Fazio was soliciting business for AHIS while still working for BioCure.[16]   Upon information and belief, AHIS was aware that Fazio was violating his Agreement and duties owed to BioCure and was actively encouraging Fazio to do so.

21.     Fazio and AHIS have wrongfully acquired confidential information belonging to BioCure.  They have conspired to raid BioCure's clients in southern Florida by misappropriating client information and prospect lists.  Fazio has personally taken advantage of BioCure's goodwill by contacting at least one BioCure patient to produce business for AHIS while leaving the patient with the impression that he was still working with BioCure.  Upon information and belief, AHIS has supported and induced Fazio's behavior.  At a minimum, AHIS is benefitting financially from Fazio's misdeeds.

**Fazio's Employment Agreement with BioCure**

22.     Throughout the course of his BioCure employment, Fazio was responsible for managing and maintaining BioCure's relationships with physicians and patients in south Florida, ensuring that their needs were met and that they received superior service relative to BioCure's competition.  Fazio also had responsibilities for securing new business.  BioCure entrusted Fazio with cultivating goodwill on BioCure's behalf.

23.     Because of the trust and confidence BioCure placed in Fazio to speak directly to BioCure's referring physicians and patients, in addition to the confidential information that

---

[14] *See id.*

[15] *See id.*

[16] *See id.*

BioCure provided him, Fazio was required to sign a Confidentiality and Non-Competition Agreement ("Agreement").[17]  This Agreement was designed to protect BioCure's confidential information and customer goodwill in the event Fazio resigned or his position was terminated.

24.     Fazio made many promises in return for receiving BioCure's confidential information and sharing in BioCure's goodwill.  Fazio promised not to use or disclose BioCure's confidential information without BioCure's consent.[18]  Fazio also promised

> that in the event of separation from employment with the Company, whether such separation is voluntary or involuntary, [Fazio] will not, for a period of twenty-four (24) months following such separation, directly or indirectly:  (i) solicit clients of the Company, including referring physicians, for the purpose of selling or providing products or services of the type sold or provided by [Fazio] while employed by the Company; or (2) induce clients or prospective clients of the Company, including referring physicians, to terminate, cancel, not renew, not refer, or not place business with the Company.[19]

25.     Fazio further agreed that if he violated the Agreement,

> the Company shall be entitled, in addition to any other remedies and damages available at law or in equity, to an injunction, without posting any bond therefore, to prohibit the violation of such covenants by the Employee and all persons or entities acting for or with him in such violation and to mandate the return of documents and records by the Employee.[20]

26.     Fazio terminated his BioCure employment in order to accept a similar position with similar duties at AHIS and to unfairly compete against BioCure in violation of his Agreement. AHIS induced Fazio to resign from BioCure and violate his contractual and legal duties to BioCure.  AHIS has willfully interfered with BioCure's contract with Fazio.  Fazio's and AHIS's actions have proximately caused BioCure significant damages.

---

[17] *See* Exhibit 4.

[18] *See id.*

[19] *See id.*

[20] *See id.*

27.     Fazio and AHIS's unlawful use and disclosure of BioCure's confidential information has caused injury to BioCure that cannot be quantified or remedied by monetary damages alone. Similarly, the harm done to BioCure's goodwill and client relationships cannot be remedied by monetary damages.

## COUNT I

## Breach of Contract

28.     BioCure incorporates all previous paragraphs by reference as if fully set forth herein.

29.     The Agreement is a valid and enforceable contract, and BioCure has fully performed all of its obligations under the Agreement.

30.     Fazio is breaching the Agreement by failing to return BioCure's confidential information, disclosing BioCure's confidential information, and soliciting BioCure's clients in violation of his covenant not to compete.

31.     The non-solicitation provision of the Agreement is valid and enforceable because it is ancillary to, or part of, an otherwise enforceable agreement at the time the agreement was made, contains reasonable limitations as to time, geographic area, and scope of activity to be restrained, and does not impose a greater restraint than necessary to protect BioCure's goodwill or other business interests.

32.     The Agreement does not prohibit Fazio from competing against BioCure or working for a competitor.  It does, however, prohibit him from, directly or indirectly, soliciting BioCure clients or inducing BioCure clients to terminate their business with BioCure.

33.     As a result of Fazio's breaches of the Agreement, BioCure has been injured and faced irreparable injury.  BioCure is threatened with losing clients, income and goodwill for which a

remedy at law is inadequate and thus, Fazio must be enjoined and restrained by Order of this Court.

## Count II

### Misappropriation of Trade Secrets

34.     BioCure incorporates all previous paragraphs by reference as if fully set forth herein.

35.     The proprietary business and customer information that BioCure entrusted to Fazio constitutes trade secrets pursuant to the Texas Uniform Trade Secrets Act.  *See* Tex. Civ. Prac. & Rem. Code § 134A.001 *et seq.*  The information BioCure provided to Fazio "derives independent economic value, actual or potential, from not being known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use." Tex. Civ. Prac. & Rem. Code § 134A.002(6).   BioCure also made reasonable efforts to maintain the secrecy of that information.  *See id.*

36.     Fazio and AHIS misappropriated and threaten to misappropriate BioCure's trade secrets.

37.     The Defendants have been and will be unjustly enriched by the misappropriation of BioCure's trade secrets, and unless restrained, will continue to threaten to use, actually use, divulge and otherwise misappropriate BioCure's trade secrets and confidential information.

38.     Actual or threatened misappropriation may be enjoined under the Texas Uniform Trade Secrets Act.  *See* Tex. Civ. Prac. & Rem. Code § 134A.003(a).

39.     As a result of the Defendants' misappropriation of BioCure's trade secrets and confidential information, BioCure is threatened with losing customers, income, and goodwill for which a remedy at law is inadequate, and thus, the Defendants must be enjoined and restrained by Court Order.

**Count III**

**Breach of Fiduciary Duty and Duty of Good Faith and Fair Dealing**

40.     BioCure incorporates all previous paragraphs by reference as if fully set forth herein.

41.     Fazio's employment at BioCure required him to be the face of the company with respect to BioCure's clients in southern Florida.  Thus, Fazio was in a special relationship with BioCure, one requiring his utmost fidelity, integrity and trust.

42.     Fazio commenced a business relationship with AHIS—a BioCure competitor—prior to resigning from BioCure.  At a minimum, Fazio's relationship with AHIS caused him to have divided loyalties in violation of the fiduciary duties owed to BioCure.

43.     As a result, BioCure has been injured and faces irreparable injury.  BioCure is threatened with losing clients, income, and goodwill for which a remedy at law is inadequate and thus, Fazio must be enjoined and restrained by Order of this Court.

**Count IV**

**Aiding and Inducing Breach of Fiduciary Duty**

44.     BioCure incorporates all previous paragraphs by reference as if fully set forth herein.

45.     Upon information and belief, AHIS induced Fazio to breach his fiduciary and good faith and fair dealing duties to BioCure despite knowing that Fazio had a special relationship with BioCure requiring utmost fidelity, integrity and trust.

46.     AHIS induced and caused Fazio to disclose BioCure's confidential information.  Additionally, AHIS induced and caused Fazio to solicit BioCure clients and prospects on AHIS's behalf while Fazio was still employed by BioCure.

47.     AHIS provided substantial assistance to Fazio in causing injury to BioCure.  AHIS's participation was a substantial factor in causing Fazio's breaches of fiduciary duty and duty of good faith and fair dealing.

## Count V

### Tortious Interference with Business Relationships

48.     BioCure incorporates all previous paragraphs by reference as if fully set forth herein.

49.     Fazio has tortuously interfered with BioCure's business relationships with BioCure's clients.  This interference was willful and intentional and is a proximate cause of BioCure's damages.

50.     By directing and/or participating in Fazio's improper conduct, and accepting ill-gotten gains from this improper conduct, AHIS too has tortuously interfered with BioCure's business relationships with BioCure's clients.  This interference was willful and intentional and is the proximate cause of BioCure's injury.

51.     BioCure faces irreparable injury as a result of the Defendants' actions.  BioCure is threatened with losing clients, income, and goodwill for which a remedy at law is inadequate and thus, the Defendants must be enjoined and restrained by Court Order.

## Count VI

### Tortious Interference with Contract

52.     BioCure incorporates all previous paragraphs by reference as if fully set forth herein.

53.     BioCure and Fazio entered into the Agreement, which is a valid and lawful contract.

54.     The Agreement prohibits Fazio from competing against BioCure during his employment.  The Agreement restricts Fazio from soliciting the BioCure clients that he serviced

after termination of his BioCure employment.   The Agreement also prohibits Fazio from disclosing BioCure trade secrets and confidential information without BioCure's consent.

55.     AHIS has tortuously interfered with the Agreement.   This interference was willful and intentional and is a proximate cause of BioCure's injury.

56.     As a result of AHIS's actions, BioCure has incurred damages.

## Count VII

## Conspiracy

57.     BioCure incorporates all previous paragraphs by reference as if fully set forth herein.

58.     Defendants Fazio and AHIS conspired together with the objective of improperly competing against BioCure and/or facilitating the tortious actions described above.

59.     Through this conspiracy, the Defendants had a meeting of the minds to compete improperly with BioCure, so as to utilize or disclose BioCure's confidential information, and solicit BioCure's clients and prospective business on behalf of a competing entity in violation of restrictive covenants and applicable Texas law.

60.     As a result of the Defendants' actions, BioCure has been injured and faces irreparable injury.   BioCure has lost clients, is threatened with losing more clients, income and goodwill, all of which has damaged BioCure.

## Count VIII

## Application for Temporary Restraining Order

61.     BioCure incorporates all previous paragraphs by reference as if fully set forth herein.

62.     BioCure is entitled to immediate injunctive relief, including a temporary restraining order for the Defendants' improper conduct.

63.     Further, based on Fazio's breach of his contractual and fiduciary obligations, use, disclosure, inevitable disclosure, misappropriation of BioCure's trade secrets and confidential information, and other unfair competition against BioCure, including the improper solicitation of BioCure's clients and tortious interference with business relationships, BioCure can demonstrate a probable right to recovery under each cause of action pleaded.

64.     Similarly, BioCure can demonstrate a probably right to recovery under each cause of action pleaded against AHIS given AHIS's use, acquisition, misappropriation of BioCure's trade secrets, tortious interference with BioCure's contractual and business relationships, and other unfair competition against BioCure.

65.     The Defendants' improper conduct will most likely continue unless this Court restrains them; therefore, BioCure is subject to imminent harm.  Further, that harm will cause irreparable injury to BioCure, including injury to BioCure's client base, income, and goodwill that cannot adequately be compensated through monetary damages.  Accordingly, BioCure respectfully requests that the Court issue a temporary restraining order enjoining the Defendants as follows:

> The Defendants shall not use or disclose BioCure's trade secrets and confidential information, nor shall the Defendants attempt to acquire any additional trade secrets and confidential information belonging to BioCure;
>
> The Defendants shall return all confidential information and trade secrets belonging to BioCure in both hard copy and electronic form within 48 hours;
>
> The Defendants shall turnover to BioCure Fazio's personal computer(s), mobile telephone(s), and any devices used to access BioCure's trade secret and confidential information within 48 hours for forensic examination to determine how he has

disseminated any electronic information belonging to BioCure and to permanently remove such information from those devices; and

The Defendants shall not, directly or indirectly, (i) solicit BioCure clients and prospective clients with whom Fazio serviced or contacted during his BioCure employment (including patients, physicians, physician offices and staff) for the purpose of selling or providing products or services of the type sold or provided by BioCure; or (ii) induce BioCure clients or prospective clients with whom Fazio serviced or contacted during his BioCure employment (including patients, physicians, physician offices and staff) to terminate, cancel, not renew, not refer, or not place business with the Company.

## Count IX

## Request for Preliminary and Permanent Injunction

66.     BioCure incorporates all previous paragraphs by reference as if fully set forth herein.

67.     BioCure is entitled to a preliminary and permanent injunction restraining Fazio's breaches of his contractual and fiduciary obligations, use, disclosure, inevitable disclosure, misappropriation of BioCure's trade secrets and confidential information, and other unfair competition against BioCure, including the improper solicitation of BioCure's clients and tortious interference with business relationships.

68.     BioCure is entitled to a preliminary and permanent injunction restraining AHIS's use, acquisition, misappropriation of BioCure's trade secrets, tortious interference with BioCure's contractual and business relationships, and other unfair competition against BioCure.

69.     The Defendants' misbehavior threatens BioCure with losing its clients, income, and goodwill in amounts that may be impossible to determine.  Therefore, BioCure respectfully requests that the Court temporarily and permanently enjoin the Defendants as follows:

The Defendants shall not use or disclose BioCure's trade secrets and confidential information, nor shall the Defendants attempt to acquire any additional trade secrets and confidential information belonging to BioCure;

The Defendants shall return all confidential information and trade secrets belonging to BioCure in both hard copy and electronic form within 48 hours;

The Defendants shall turnover to BioCure Fazio's personal computer(s), mobile telephone(s), and any devices used to access BioCure's trade secret and confidential information within 48 hours for forensic examination to determine how he has disseminated any electronic information belonging to BioCure and to permanently remove such information from those devices; and

The Defendants shall not, directly or indirectly, (i) solicit BioCure clients and prospective clients with whom Fazio serviced or contacted during his BioCure employment (including patients, physicians, physician offices and staff) for the purpose of selling or providing products or services of the type sold or provided by BioCure; or (ii) induce BioCure clients or prospective clients with whom Fazio serviced or contacted during his BioCure employment (including patients, physicians, physician offices and staff) to terminate, cancel, not renew, not refer, or not place business with the Company.

## ATTORNEYS' FEES

70.     BioCure incorporates all previous paragraphs by reference as if fully set forth herein.

71.     BioCure is entitled to recover reasonable and necessary attorneys' fees under the agreements at issue and all applicable statutes and authorities.

## PUNITIVE DAMAGES

72.     BioCure incorporates all previous paragraphs by reference as if fully set forth herein.

73.     The Defendants' tortious conduct was aggravated by willfulness, wantonness and malice, which the law allows for the imposition of punitive damages.  The Defendants' conduct was intentional, willful and without justification or excuse.

74.     The Defendants' actions were taken with gross indifference to BioCure's rights and with conscious intent to harm BioCure.  To punish such actions and deter others from similar wrongdoing, the Defendants should be assessed punitive damages in an amount to the determined by the trier of fact.

## JURY DEMAND

75.     BioCure demands a jury trial and tenders the appropriate fee with this complaint.

## PRAYER FOR RELIEF

76.     The Plaintiff prays for the following relief:

a.     The Court should order that the Defendants, along with their agents, employers, employees, parent companies, subsidiaries, and those persons in active concert or participation with them, be enjoined through a temporary restraining order, preliminary injunction, and permanent injunction as follows:

1.     The Defendants shall not use or disclose BioCure's trade secrets and confidential information, nor shall the Defendants attempt to acquire any additional trade secrets and confidential information belonging to BioCure;

2.     The Defendants shall return all confidential information and trade secrets belonging to BioCure in both hard copy and electronic form within 48 hours;

3.     The Defendants shall turnover to BioCure Fazio's personal computer(s), mobile telephone(s), and any devices used to access BioCure's trade secret and confidential information within 48 hours for forensic examination to determine

how he has disseminated any electronic information belonging to BioCure and to permanently remove such information from those devices; and

4. The Defendants shall not, directly or indirectly, (i) solicit BioCure clients and prospective clients with whom Fazio serviced or contacted during his BioCure employment (including patients, physicians, physician offices and staff) for the purpose of selling or providing products or services of the type sold or provided by BioCure; or (ii) induce BioCure clients or prospective clients with whom Fazio serviced or contacted during his BioCure employment (including patients, physicians, physician offices and staff) to terminate, cancel, not renew, not refer, or not place business with the Company.

b. The Court should award BioCure damages it has suffered, including but not limited to lost profits, in an amount to be proven at trial;

c. The Court should award BioCure attorneys' fees and the costs of this action;

d. The Court should award BioCure punitive damages;

e. The Court should award BioCure applicable pre-judgment interest; and

f. The Court should award BioCure all other legal and equitable relief to which BioCure is entitled.


Respectfully submitted,

 /s/  Kevin T. Kennedy
KEVIN T. KENNEDY
Texas State Bar No. 24009053
Federal Bar No. 305324
General Counsel
BioCure, LLC
8700 Commerce Park Dr., Suite 241
Houston, Texas 77036

Telephone: (832) 303-3873
Facsimile: (855) 497-7957
k.t.p.kennedy@gmail.com

**ATTORNEY IN CHARGE FOR DEFENDANT**

## <u>VERIFICATION</u>

STATE OF TEXAS            §
                          §
COUNTY OF HARRIS          §

   BEFORE ME, the undersigned authority, on this day personally appeared Khang Dang, who being duly sworn upon oath, states that he is a duly authorized Chief Operating Officer of BioCure, LLC, and that the information in the foregoing Original Complaint and Application for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction is true and correct to the best of his knowledge and belief, either being within his personal knowledge or having been prepared by company employees, under his direction, from company records.  This verification does not include the verification of any legal conclusion or legal contention.


_____
Khang Dang


   SWORN TO and SUBSCRIBED before me on this 6th day of March, 2017, to certify which witness my hand and seal of office.


_____
Notary Public, State of Texas

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Original Complaint and Application for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction was made on this 6th day of March, 2017, by serving a copy via email, to the Defendants as follows:

    Kabafusion / At Home Infusion Services
    General Counsel
    Maheen Junaid
    mjunaid@kabafusion.com

    Joseph Fazio
    joefazio24@gmail.com

                           _/s/  Kevin T. Kennedy_____
                           KEVIN T. KENNEDY