United States District Court
Southern District of Texas
**ENTERED**
June 22, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BIOCURE, LLC | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO: 4:17-cv-00701 |
| | § | Jury Demanded |
| JOSEPH FAZIO and | § | |
| AT HOME INFUSION SERVICES, LLC | § § | |
| Defendants. | § | |

## AGREED PROTECTIVE ORDER

WHEREAS, it is anticipated that the parties to this lawsuit will be producing documents and supplying information during the discovery phase of this action that the producing party will regard as proprietary or otherwise confidential;

WHEREAS, it is also anticipated that court filings and discovery papers in this matter will include references to documents and/or information that the producing party will regard as proprietary or otherwise confidential;

WHEREAS, it is further anticipated that deposition testimony in this matter will include references to documents and/or information that the producing party will regard as proprietary or otherwise confidential;

WHEREAS, the parties to this action desire to protect the confidentiality of any such proprietary or otherwise confidential documents or testimony furnished in the course of such actions or proceedings;

IT IS HEREBY stipulated and made an Order of the Court that, until this Agreed Protective Order is amended or superseded, all parties and nonparty witnesses shall follow the

procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in these or related actions or proceedings.

A. <u>Scope.</u>

1. This Order shall govern all documents and information produced by any party or persons or entities not a party to this action, whether produced informally or pursuant to a formal discovery request and shall also include all documents or information contained in a document, or information revealed during a deposition or in any interrogatory answer or otherwise disclosed in discovery.

2. Nothing in this Order precludes any party from seeking relief from the Court with regard to the production of documents or information.

3. This Order does not alter any confidentiality obligations that a party may have at law or under another agreement.

4. Nothing in this Order shall be construed as an agreement or acknowledgment by the non-producing party that any document, testimony, or other information designated as "Confidential" or "Confidential—Attorneys Eyes Only" constitutes a trade secret or is in fact confidential.

B. <u>Confidential Information.</u>

1. "Confidential Information" means: (a) information protected from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) personal identity information; or (e) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information.

The producing party will make a designation only as to those documents or discovery responses that are in good faith believed to contain such Confidential Information.

2. Documents shall be designated as Confidential Information by marking or stamping each page of any such document "Confidential" or "Confidential—Attorneys Eyes Only." In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged.

3. With respect to testimony that constitutes or references Confidential Information, confidential portions of the transcript may be designated as such on the record at the time the testimony is given, and additional portions of the testimony may be designated as "Confidential" or "Confidential - Attorneys Eyes Only" within twenty (20) days after receipt of the transcript. A Notice of Designation must contain specific line and page designations, or, if a transcript is not available at the time the Notice of Designation is served, must be seasonably supplemented with specific line and page designations promptly after the transcript is available. Until the twenty-day period has expired, the entire transcript shall be treated as Confidential Information.

C. Treatment of Confidential Information.

1. Except as otherwise provided in this or subsequent court orders, Confidential Information shall not be disclosed or shown to anyone other than:

> (a) The parties, the employees of such parties, or the agents of the parties to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(b) Outside counsel for the parties, the employees of such attorneys, and agents of such attorneys, to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(c) Inside counsel for each party and the employees of such attorneys to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(d) Persons employed by outside counsel for the parties solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(e) The Court or persons employed by the Court and the jury;

(f) Duly qualified court reporters and videographers participating in these proceedings;

(g) Persons who were the authors or recipients of the documents in the ordinary course of business;

(h) Witnesses in preparation for or in the course of depositions or the trial of this matter; and

(i) Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the party that produced or disclosed the Confidential Information, after notice to all parties and an opportunity has been had to object.

2. In the event that documents or testimony are designated as "Confidential—Attorneys Eyes Only," such information shall not be disclosed or shown to anyone other than the persons described in paragraph C.1(b), C.1(c), C.1(d), C.1(e), and C.1(g), and in the event that in camera inspection of such information is requested or documents are filed with the Court under seal, C.1(f) and C.1(i). If such information is disclosed or shown to persons described in paragraph C.1(d), those persons shall not view the information unless and until they are advised that the information is being disclosed pursuant and subject to the terms of this Agreed Protective Order and agree in writing to be bound by the terms of this Order. The "Confidential – Attorneys Eyes Only" designation may be used only if a Party believes in good faith that, despite the provisions of this Order, it is likely to suffer harm if Confidential Information is disclosed to another party to this action.

3. Confidential Information shall be used by the receiving party solely for the prosecution and/or defense of this litigation and only as provided in this Agreed Protective Order. Confidential Information shall not be used or employed for the purpose of any other action, use or proceeding, or for any commercial, business or other purpose whatsoever. It is specifically recognized that certain information, such as medical records, which may have been provided to a producing party by a third party, and shall be marked "Confidential," shall not be utilized by the receiving party for any purpose other than the prosecution and/or defense of this litigation.

4. No person shall disclose Confidential Information to any third party except as provided by this Order without prior written notice of the specific disclosures and persons involved to the producing party. Such disclosure shall not be made before: (1) 10 days after notice to the producing party; (2) consent by the producing party; or (3) judicial resolution of

any objections to such disclosure made by the producing party, whichever is earlier. Any objections to such disclosure shall be made in writing by the producing party within 10 days after receipt of notice of an intent to disclose.

5. Notwithstanding anything to the contrary in the foregoing paragraphs, any party may use without restriction:

    (a)    its own documents or information; and

    (b)    documents or information developed or obtained by a receiving party independently of discovery in these or related actions or proceedings and in the absence of illegal or wrongful conduct;

irrespective of whether such document or information has been designated by the producing party as Confidential Information.

6. Each person given access to designated Confidential Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Agreed Protective Order and may not be disclosed other than as provided by this Order.

7. If a receiving party disputes a designation made by the producing party, the receiving party shall notify the producing party of its contention and the parties shall, in good faith, attempt to resolve the dispute without court intervention. If the parties cannot resolve the dispute, then either party may file an appropriate motion with the Court seeking to either amend or preserve the producing party's designation.

8. In the event that counsel for any party determines to file with, or submit to, the Court any Confidential Information or papers containing or referencing such information, the parties and their counsel shall give written notice to the other party's counsel at least ten (10) business days, excluding legal holidays, before such filing or submission so as to give the other

party's counsel time to seek a temporary or permanent sealing order, if desired, from the Court, unless the circumstances do not permit such notice.

9. No Confidential Information, including but not limited to transcripts, depositions, exhibits, and pleadings, shall be filed with the Court or used in a hearing unless the party seeking to file or use the Confidential Information has provided ten (10) business days' prior written notice to the party that produced the Confidential Information of the intent to use it, during which time the producing party may seek any appropriate protective order regarding use of the Confidential Information in the Court filing or hearing.

10. In the event of an emergency, a party seeking to file or use Confidential Information shall not file or use any such information but shall instead file the information under seal or tender to the Court for in camera inspection the Confidential Information that it seeks to file and seek a ruling permitting the use of the material. During the pendency of a motion for protection or in the event of an emergency, the parties will treat Confidential Information in dispute as subject to this Protective Order until the Court enters an order determining otherwise.

11. The inadvertent or unintentional disclosure by the supplying party of Confidential Information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter if, within five (5) days of discovering the inadvertent failure to designate the material as confidential, the supplying party identifies the material produced in writing and corrects the error by re-producing the documents with the appropriate designation. The documents produced with the correct designation shall supplant the

previous production and the receiving parties shall destroy the previously produced materials that were not properly designated.

12. Within thirty (30) days after the settlement or final adjudication, including appeals, of the action or actions in which the documents have been produced, all Confidential Information supplied by the parties and non-parties and all copies thereof shall be returned to the producing party or non-party (if the supplying party so requests within thirty (30) days of the conclusion of the actions and pays the reasonable costs of such return) or shall be certified to have been destroyed; provided, however, that each party may retain a complete file of all litigation documents filed with the Court in these actions and that work product in the possession or control of counsel for any party that reflects or includes information derived from documents or testimony designated as confidential will be destroyed.

13. Any dispute concerning the application of this Agreed Protective Order shall be heard by the Court upon motion by the objecting party.

Dated: June 22, 2017

STIPULATED AND AGREED TO:

_____
Kevin T. Kennedy
Texas State Bar No. 24009053
S.D. Texas Bar No. 305324
General Counsel, BioCure, LLC
8700 Commerce Park Dr., Suite 241
Houston, Texas 77036
Telephone: (832) 303-3873
Facsimile: (855) 497-7957
k.t.p.kennedy@gmail.com
*Attorney for Plaintiff*

_____
Julie L. Gottshall (*appearing Pro Hac Vice*)
Illinois Bar No. 6207037
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5645
Facsimile: (312) 902-1061
julie.gottshall@kattenlaw.com
*Attorney for Defendants*

Emily Rochy
S.D. Texas Bar No. 1358194
1301 McKinney St., Suite 3000
Houston, Texas 77010
Telephone: (713) 270-3446
Facsimile: (713) 270-3401
emily.rochy@kattenlaw.com

IT IS SO ORDERED this  22nd  day of  June , 2017.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

9