IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BIOCURE, LLC | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO: 4:17-cv-00701 |
| | § | Jury Demanded |
| JOSEPH FAZIO and | § | |
| AT HOME INFUSION SERVICES, LLC | § | |
| | § | |
| Defendants. | § | |

## AGREED JUDGMENT AND PERMANENT INJUNCTION ORDER

Plaintiff BioCure, LLC ("Plaintiff" or "BioCure") and Defendants Joseph Fazio and At Home Infusion Services, LLC ("AHIS") represent to the Court that the case has been settled based upon the terms contained in this Agreed Judgment and Permanent Injunction and the provisions of a private settlement agreement. The parties represent to the Court that they have resolved dispute at issue in this litigation, as evidenced by their signatures and the signatures of their counsel on this Agreed Judgment and Permanent Injunction. It is expressly understood that nothing in this Agreed Injunction shall constitute an admission of liability or wrongdoing by any party. The parties have jointly requested that the Court enter this Agreed Judgment and Permanent Injunction.

The Court is of the opinion that the Parties' agreement and the relief requested is well founded, and that this Agreed Judgment and Permanent Injunction should be, and the same hereby is, GRANTED.

The parties to the Agreed Judgment and Permanent Injunction agree to waive the requirement that BioCure post bond and that the clerk issue an injunction. The Parties agree that this Agreed Judgment and Permanent Injunction is effective immediately upon execution by all Parties and the Court. This Agreed Judgment and Permanent Injunction is entered into as part of a

settlement agreement between the parties and nothing herein shall relieve, replace, or eliminate the parties' obligations under said settlement agreement or either party's right to seek enforcement of an obligation, remedy, or other material term of said settlement agreement.

**IT IS, ACCORDINGLY, ORDERED AS FOLLOWS:**

Defendant Joseph Fazio is hereby commanded forthwith, to cease, desist, and refrain from directly or indirectly:

a. using or disclosing BioCure's trade secrets and confidential information; and,

b. from the date of the entry of this order until December 28, 2018, (i) soliciting the physicians identified in the settlement agreement (including their office, staff, and known patients) for the purpose of selling or providing products or services of the type sold or provided by BioCure; or (ii) inducing the identified physicians (including their office, staff, and known patients) to terminate, cancel, not renew, not refer, or not place business with the Company.

Notwithstanding the foregoing, it shall not be a violation of this Injunction for Fazio to service any identified physician (including his/her patient(s)) to the extent BioCure provides a written waiver to Fazio permitting him to do so, or for Fazio to service physicians (including their staff and known patients) who are resident in the same building or group practice space as an identified physician. For the avoidance of doubt, it also shall not be a violation of this Injunction for any person managed by Fazio or otherwise working for the same entity to solicit or induce the identified physicians (including their office, staff, and known patients) so long as Fazio does not provide information to such person to facilitate such activity.

IT IS FURTHER ORDERED THAT Defendant Fazio shall sign a notarized affidavit avowing that he has deleted, returned, and/or otherwise destroyed any and all documents, e-mails, files, data, or any other items containing BioCure's confidential information and that he has not shared such information with any third parties, including but not limited to AHIS.

IT IS FURTHER ORDERED THAT BioCure shall not be required to post bond and that this Agreed Judgment and Permanent Injunction is effective immediately.

IT IS FURTHER ORDERED THAT to the extent not granted herein, all other claims and causes of action asserted or that could have been asserted in this lawsuit are dismissed with prejudice. This judgment finally disposes of all parties and claims in this action and is therefore final. Costs are taxed against the party incurring same.

IT IS SO ORDERED.

SIGNED  September  28 , 2017, 12:4q'clock  p .m.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

APPROVED:

Kevin T. Kennedy
Texas State Bar No. 24009053
S.D. Texas Bar No. 305324
General Counsel, BioCure, LLC
8700 Commerce Park Dr., Suite 241
Houston, Texas 77036
Telephone: (832) 303-3873
Facsimile: (855) 497-7957
k.t.p.kennedy@gmail.com

Julie L. Gottshall (*appearing Pro Hac Vice*)
Illinois Bar No. 6207037
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Telephone: (312) 902-5645

*ATTORNEY FOR PLAINTIFF*

Facsimile: (312) 902-1061
julie.gottshall@kattenlaw.com

Emily Rochy
S.D. Texas Bar No. 1358194
1301 McKinney St., Suite 3000
Houston, Texas 77010
Telephone: (713) 270-3446
Facsimile: (713) 270-3401
emily.rochy@kattenlaw.com

*ATTORNEYS FOR DEFENDANTS*